IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES TALBERT, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| | : |
| CORRECTIONAL DENTAL | : NO. 16-1408 |
| ASSOCIATES, et al., | : |
| | : |
| Defendants. | : |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                                   **November 1, 2016**

**I.      INTRODUCTION**

The *pro se* plaintiff in this case, Charles Talbert, brings various claims against the defendants, including the City of Philadelphia, relating to dental care he received while incarcerated at Philadelphia Industrial Correction Center ("PICC"). Talbert's complaint brings claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986 and Pennsylvania state law for negligence.[1] Presently before me is the City of Philadelphia's motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. As explained in further detail below, none of plaintiff's claims against the City is sufficiently plead. Accordingly, I will grant the City's motion to dismiss.

---

[1] Because plaintiff is *pro se*, I must "liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether [plaintiff] has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

## II.   BACKGROUND[2]

In the summer of 2015, plaintiff was incarcerated at PICC in Philadelphia. (Doc. No. 5, Compl. ¶¶ 9, 12). Plaintiff began filing "sick call" requests to employees of defendant Correctional Dental Associates regarding a tooth ache. (Id. ¶ 9).[3] After a three month delay, Correctional Dental employees x-rayed plaintiff's tooth, which revealed an infection. (Id. ¶¶ 9–10). Correctional Dental then referred plaintiff to an off-site oral surgeon who performed an extraction of the tooth. (Id. ¶ 11). The City was aware that plaintiff had been referred off-site for this procedure. (Id. ¶ 26).

In the months that followed, various employees of Correctional Dental told plaintiff that Correctional Dental does not refer inmates off-site for oral surgeries. (Id. ¶¶ 12–14, 16, 18–20). These Correctional Dental employees also told plaintiff that the City's insurance did not cover off-site dental procedures for inmates. (Id.) In February 2016, on two separate occasions, plaintiff was brought to the triage center at PICC where he was treated for a tooth infection. (Id. ¶¶ 15–17). From June 2015 through March 2016, plaintiff was prescribed "2 weeks worth" of antibiotics for his infection. (Id. ¶ 23). Plaintiff's infected tooth eventually "broke off," prompting him to file several sick call requests with Correctional Dental. (Id. ¶ 25). Plaintiff alleges the defendants failed to treat his tooth infection, despite knowing about it. (Id. ¶¶ 27–31).

---

[2] Because this is a motion to dismiss for failure to state a claim, I will "accept all [plaintiff's] factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff." Bruni v. City of Pittsburgh, 824 F.3d 353, 360 (3d Cir. 2016). However, my acceptance of all allegations as true does not apply to "legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[3] Correctional Dental Associates is a private entity that provides dental care services to the Pennsylvania Prison System. (Am. Compl. ¶ 4).

2

**III.   LEGAL STANDARD**

Under Rule 12(b)(6), a defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the United States Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 555.  Subsequently, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court defined a two-pronged approach to a court's review of a motion to dismiss.  "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. at 678.  Thus, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Id. at 678–79.

Second, the Supreme Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. at 679. "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.  A complaint does not show an entitlement to relief when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.  Id.; see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232–34 (3d Cir.

3

2008) (holding that: (1) factual allegations of complaint must provide notice to defendant; (2) complaint must allege facts suggestive of the proscribed conduct; and (3) the complaint's "'factual allegations must be enough to raise a right to relief above the speculative level.'" (quoting Twombly, 550 U.S. at 555)).

The basic tenets of the Rule 12(b)(6) standard of review have remained static. Spence v. Brownsville Area Sch. Dist., No. Civ.A.08-626, 2008 WL 2779079, at *2 (W.D. Pa. July 15, 2008). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief and need not contain detailed factual allegations. Phillips, 515 F.3d at 233. Further, the court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## IV.   DISCUSSION

The City moves to dismiss plaintiff's complaint in its entirety for failure to state a claim. Plaintiff's allegations can be properly separated into three types of claims: (1) deprivation of civil rights; (2) discrimination; and (3) negligence. Each type of claim will be discussed in turn.[4]

---

[4] The statutory vehicle for all of plaintiff's civil rights and discrimination claims is 42 U.S.C. § 1983. McCurdy v. Dodd, 352 F.3d 820, 825 (3d Cir. 2003).

## A. Deprivation of Civil Rights

Plaintiff has not set forth sufficient facts to survive the City's motion to dismiss his claim under 42 U.S.C. § 1983. "There is no respondeat superior theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents." Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)). Instead, "[a] local government may be sued under § 1983 only for acts implementing an official policy, practice or custom." Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir.1984) (citing Monell, 436 U.S. at 690–91). Pursuant to Monell, a plaintiff must establish that: (1) the municipality had a custom that deprived plaintiff of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy or custom. 436 U.S. at 692–94.

With respect to this first element, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir.1990) (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir.1990)). A "policy" is an "official proclamation, policy, or edict" issued by a municipal decisionmaker. Andrews, 895 F.2d at 1480. On the other hand, a "custom" is a course of conduct that is so well-settled that it virtually constitutes law. Bielevicz, 915 F.2d at 850.

As the City correctly points out in its motion to dismiss, plaintiff's complaint is completely bereft of any allegations regarding a custom or policy issued by the City. Nor

does plaintiff's complaint make a single allegation regarding an alleged decisionmaker. Plaintiff's complaint consists of allegations almost exclusively against Correctional Dental with a few conclusory statements about the City sprinkled throughout. While the plaintiff makes broad-sweeping statements about the City, he fails to sufficiently allege facts giving rise to municipal liability. See, e.g., McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009) (explaining that a plaintiff pleading municipal liability under Monell must allege more than mere conclusory allegations and a parroting of the Monell standard).

Plaintiff also claims the City violated the Due Process Clause of the Fourteenth Amendment by failing to treat his tooth injury. (Id. ¶ 29). Due process claims are encompassed under 42 U.S.C. § 1983. Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006). Plaintiff does not specify whether his claim is for procedural due process or substantive due process. Regardless, plaintiff's complaint fails to allege any facts supporting a claim under either theory. Town of Castle Rock v. Gonzalez, 545 U.S. 748, 755–56 (2005). It also fails to allege any liberty or property interest. At best, plaintiff's allegation amounts to a rubberstamping of the phrase "due process" in support of a negligence claim. However, such a phrasing of a constitutional claim is not permitted. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (explaining at great length that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

For all the foregoing reasons, plaintiff's claims against the City under § 1983 must be dismissed.[5]

### B.     Discrimination

Plaintiff has failed to set forth sufficient facts to state a claim for discrimination under the Equal Protection Clause.

He claims the City violated the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution because the City treated "other similarly situated" inmates differently when it came to accessing off-site dental care. (Compl. ¶ 28). In order to state a claim under the Equal Protection Clause, the plaintiff must allege that a state actor intentionally discriminated against him because of his membership in a protected class. Lande v. City of Bethlehem, 457 F. App'x 188, 192 (3d Cir. 2012). If the claim is not based upon membership in a protected class, the plaintiff must pursue a "class of one" theory of liability. Enquist v. Oregon, 553 U.S. 591, 610 (2008). Plaintiff's complaint does not set forth that he is a member of a protected class (*e.g.*, gender, race, ethnicity) or a "class of one." See Prof'l Dog Breeders Advisory Council, Inc. v. Wolff, 752 F. Supp. 2d 575, 588–89 (E.D. Pa. 2010) (holding that plaintiff's threadbare allegation that the government had "intentionally treated her differently from others similarly situated

---

[5] Plaintiff lists 42 U.S.C. §§ 1981, 1985, and 1986 as bases for his claims. However, plaintiff does nothing, factually, to support his claims under these provisions. Section 1981 "protects the equal right of [a]ll persons within the jurisdiction of the United States to make and enforce contracts without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474–75 (2006) (alteration in original). Plaintiff's complaint does not contain any allegations supporting a claim for relief under § 1981 because it fails to allege any contractual relationship between himself and the City. Id. at 475. To state a claim under § 1985, a plaintiff must allege a conspiracy that is motivated by discriminatory animus, an act in furtherance of the conspiracy, and injury or deprivation of rights. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Plaintiff's complaint clearly fails to state a claim under § 1985 because there are no facts supporting any of these required elements. Finally, because plaintiff has failed to state a claim under § 1985, his claim under § 1986 necessarily fails. Finch v. Buechel, 188 F. App'x 139, 141 (3d Cir. 2006) ("In the absence of a § 1985 conspiracy, [plaintiff] cannot state a claim pursuant to § 1986" (citing Clark v. Clabaugh, 20 F.3d 1290, 1295 n.5 (3d Cir. 1994)).

her" was not sufficient to state an equal protection claim under a "class of one" theory). Therefore, plaintiff's equal protection claim against the City must be dismissed.

### C. Negligence

Plaintiff asserts a claim for negligence against the City under Pennsylvania state law. This claim fails as a matter of law.

Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8501 *et seq.* (PSTCA) grants immunity to local governmental agencies. Specifically, the PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a person or property unless the injury was caused by the negligent acts of the local agency and the negligence falls within one of its eight enumerated exceptions." Estate of Massey v. City of Phila., 118 F. Supp. 3d 679, 697 (E.D. Pa. 2015). These eight exceptions are as follows: (1) vehicle liability; (2) care, custody, control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals. 42 Pa.C.S. § 8542.

The present case involves allegations that the City was negligent for failing to provide treatment for the plaintiff's tooth ache and infection. This type of conduct (medical or dental care) does not fall into one of the eight enumerated exceptions to the PTSCA. Therefore, as a matter of law, plaintiff's negligence claim against the City must be dismissed.

### D. <u>Leave to Amend</u>

Generally, a court should freely grant leave to amend the complaint when justice so requires "unless it would be inequitable or futile." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir.2002). Here, plaintiff has not yet amended his complaint. Therefore, I will grant plaintiff leave to amend his complaint to cure the deficiencies in his complaint. I will grant plaintiff twenty days in which to file an amended complaint properly setting forth a factual basis for his claims.

## V. CONCLUSION

For all the above reasons, plaintiff's complaint is dismissed in its entirety against the City without prejudice.