**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES TALBERT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | |
| | : | |
| **CORRECTIONAL DENTAL** | : | **NO. 16-1408** |
| **ASSOCIATES, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                           **February 22, 2017**

## I.     INTRODUCTION

The *pro se* plaintiff in this case, Charles Talbert, brings various claims against defendant Correctional Dental Associates ("Correctional Dental") relating to dental care he received while incarcerated at Philadelphia Industrial Correction Center ("PICC"). Talbert's complaint brings claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985, 1986, and Pennsylvania state law for negligence.[1]

Correctional Dental filed a motion for summary judgment as to plaintiff's negligence claim. Correctional Dental argues summary judgment should be granted because plaintiff failed to file a certificate of merit in support of his medical negligence claim, as is required by Pennsylvania law. I will grant the motion.

---

[1] Because plaintiff is *pro se*, I must "liberally construe his pleadings, and . . . apply the applicable law, irrespective of whether [plaintiff] has mentioned it by name." Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

1

## II.    BACKGROUND

Plaintiff was incarcerated at PICC. According to plaintiff's complaint, Correctional Dental is a private corporation that provides dental care services to the Philadelphia Prison System.

While incarcerated at PICC, plaintiff began filing "sick call" requests with Correctional Dental employees regarding a tooth ache he had. (Id. ¶ 9). Correctional Dental employees eventually x-rayed plaintiff's tooth, which revealed an infection. (Id. ¶¶ 9–10). They then referred plaintiff to an off-site oral surgeon who performed an extraction of the tooth. (Id. ¶ 11).

In the months that followed, various Correctional Dental employees told plaintiff that Correctional Dental does not refer inmates off-site for oral surgeries. (Id. ¶¶ 12–14, 16, 18–20). These Correctional Dental employees also told plaintiff that the City's insurance did not cover off-site dental procedures for inmates. (Id.) In February 2016, on two separate occasions, plaintiff was brought to the triage center at PICC where he was treated for a tooth infection. (Id. ¶¶ 15–17). From June 2015 through March 2016, plaintiff was prescribed "2 weeks worth" of antibiotics for his infection. (Id. ¶ 23). Plaintiff's infected tooth eventually "broke off," prompting him to file several sick call requests with Correctional Dental. (Id. ¶ 25). Plaintiff alleges Correctional Dental and its employees failed to treat his tooth infection, despite knowing about it. (Id. ¶¶ 27–31).

One of the claims in plaintiff's complaint is "for tortious behavior under Pennsylvania state law." (Id. ¶ 1). Plaintiff avers that he "invokes the pendent jurisdiction

of this Court pursuant to 28 U.S.C. § 1367(a) to decide the asserted . . . tort claims." (Id. ¶ 2).

On November 10, 2016, Correctional Dental filed a Notice of Intention to Enter Judgment of *Non Pros* for Failure to File a Certificate of Merit. (Doc. No. 42). Correctional Dental indicated its intent to file a motion for summary judgment if plaintiff did not file a certificate of merit, within 30 days, in support of his negligence claims. Plaintiff filed a response, conceding that his claims against Correctional Dental are "based upon deliberate indifference to a serious medical condition, not negligence or medical malpractice." (Doc. No. 44 ¶ 2).[2] To this day, plaintiff has not filed a certificate of merit.

On December 23, 2016, Correctional Dental filed a motion for summary judgment, seeking dismissal of all negligence-related claims because plaintiff failed to file a certificate of merit. Plaintiff filed a response, again emphasizing he "filed a 1983 claim against . . . Correctional Dental Associates." (Doc. No. 53 at 1).

## III.  LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For an issue to be

---

[2] Plaintiff's complaint explicitly sets forth claims for negligence under Pennsylvania law. Thus, it is not clear whether his response to Correctional Dental's Notice was a forfeiture of those claims or whether plaintiff never intended to bring negligence claims in the first place. Either way, plaintiff expressly concedes that his claims are constitutional in nature—for "deliberate indifference"—and not based at all in state law. (Doc. No. 44 ¶ 2).

"genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party.  Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing relevant portions of the record, including depositions, documents, affidavits, or declarations, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c). Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument that there is no genuine issue of fact by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322.

Under Federal Rule of Civil Procedure 56, the Court must draw "all justifiable inferences" in favor of the non-moving party.  Anderson, 477 U.S. at 255.  The Court must decide "not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented."  Id. at 252.

## IV.   DISCUSSION

I must apply Pennsylvania substantive law to plaintiff's state-law negligence claims. Hunt v. U.S. Tobacco Co., 538 F.3d 217, 220 (3d Cir. 2008).

Plaintiff's complaint asserts claims based upon dental malpractice. (Doc. No. 5 ¶¶ 1–2, 28–35). In order to make out a *prima facie* case of professional malpractice, plaintiffs must present expert testimony, from a licensed professional, opining that the relevant standard of care was deviated from. E.g., Toogood v. Owen J. Rogal, D.D.S., P.C., 824 A.2d 1140, 1145 (Pa. 2003). More specifically, a person bringing a malpractice claim must file an appropriate certificate of merit either with the complaint or 60 days after the filing of the complaint. See Pa. R. Civ. P. 1042.3(a).[3]

A federal court sitting in diversity must apply Pennsylvania substantive law concerning issues regarding a certificate of merit. Nayak v. C.G.A. Law Firm, 620 F. App'x 90, 94 (3d Cir. 2015); Chamberlain v. Giampapa, 210 F.3d 154, 158–61 (3d Cir. 2000); Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 509–10 (E.D. Pa. 2004); Marshal v. Lombardo, Civ. A. No. 06–215J, 2007 WL 1115227, at *1 (W.D. Pa. Apr. 13, 2007); see also Schmigel v. Uchal, 800 F.3d 113, 124 (3d Cir. 2015) (holding Pennsylvania law regarding a judgment of *non pros* is substantive and must be applied in federal court). A plaintiff's "*pro se* status is not a viable basis upon which to excuse compliance with Rule 1042.3 or the requirement of coming forth with expert medical testimony." Peraza v. Helton, Civ. No. 3:CV–12–1306, 2016 WL 6442254, at *7 (M.D. Pa. Nov. 1, 2016); O'Hara v. Randall, 879 A.2d 240, 242 (Pa. Super. Ct. 2005) ("[I]n any action premised

---

[3] A certificate of merit is a written statement from a licensed professional (in this case, a dentist) indicating that "there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside the acceptable professional standards and that such conduct was a cause in bringing about the harm." Pa. R. Civ. P. 1042.3(a)(1).

on allegation of malpractice by licensed professional . . . [a] *pro se* plaintiff shall file [a] certificate of merit . . . within sixty days after filing of complaint.").

Plaintiff filed his complaint nine (9) months ago, and he has not yet filed a certificate of merit. Plaintiff appears to have forfeited any and all claims he originally brought under Pennsylvania law. (Doc. No. 44 ¶ 2). A failure to file a certificate of merit is properly addressed through a motion for summary judgment. Schmigel, 800 F.3d at 122. Plaintiff has failed to file a certificate of merit within the time allotted under Rule 1042.3. For all these reasons, I will grant Correctional Dental's motion for summary judgment.[4]

## V.   CONCLUSION

For all the foregoing reasons, Correctional Dental's motion for summary judgment is granted.

An appropriate Order follows.

---

[4] It is not clear, and the parties have not raised or briefed, to what extent Correctional Dental Associates may be liable under 42 U.S.C. § 1983.

6