# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| CHARLES TALBERT | : CIVIL ACTION |
|---|---|
| v. | : |
| | : NO. 16-1408 |
| CORRECTIONAL DENTAL ASSOCIATES, *et al* | : |

**KEARNEY, J.**  July 31, 2017

## MEMORANDUM

Most would expect pain when a dentist removes an infected tooth. We are not aware of any mandate in the Eighth Amendment requiring anesestia for tooth removal to avoid imposing cruel and unusual punishment upon our prisoners. Under the Eighth Amendment, we must ensure the prison dentists are not deliberately indifferent to extracting the tooth. The test is not whether prison dentists provide the most painless anesthetic protocol to avoid natural pain. Further, a treating dentist's alleged referral to an outside clinic offering anesestia, promptly rejected by senior prison officials, does not convert anesestia for tooth removal into a constitutional right. As the prisoner has no constitutional right to anesestia for routine tooth removal work, we grant the dentists' motion for summary judgment. Even if we crafted a constitutional right to outside anesestia because the prisoner fears needles and retaliation from the corrections officers inside the prison, the prisoner cannot pursue claims at trial based on conduct occurring before he signed an expansive global release of claims against these same defendants arising from other alleged harm to this teeth. In the accompanying Order, we grant the Defendants' motion for summary judgment.

I. **Undisputed Facts**

Former prisoner Charles Talbert *pro se* sues Correctional Dental Associates and several of its employees and agents for injuries caused by alleged lapses in dental treatment while incarcerated at Philadelphia Industrial Correctional Center.[1] Mr. Talbert began complaining of pain in his back tooth on June 23, 2015, and filled out a "sick call" request at the Correctional Center.[2] Around September 1, 2015, Correctional Dental's x-ray revealed an infection in the tooth area.[3] The dentists recommended immediate extraction and referred Mr. Talbert to an off-site oral surgeon due to Mr. Talbert's extreme fear of needles, fear of retaliation from Correctional Dental based on earlier complaints, and lack of facilities for anesthetic procedures.[4]

Assuming Mr. Talbert's claims as true, these dentists incorrectly told him of the availability of outside services with anesestia. We have no corrobative evidence other than Mr. Talbert's allegation of a September 2015 referral. On October 9, 2015, Dr. Scott at the Correctional Center told Mr. Talbert neither he nor any other inmates had been referred off-site for anesthetic oral surgery and the City of Philadelphia would not provide insurance to cover such treatment.[5] Doctors Zarkoski, Barksdale, Sabato, a Correctional Dental dentist whose name Mr. Talbert does not remember, and Correctional Dental Associates' supervisor Ms. Lee made similar statements to Mr. Talbert letting him know anesthetic treatment could not be provided to him.[6]

Mr. Talbert decided to not remove the tooth by extraction without anesestia. He elected to suffer the pain of an infected tooth. By February 2016, Mr. Talbert began suffering pain in this teeth and gums from this tooth. Mr. Talbert alleges around February 9, 2016, his infection spread through all his teeth, his gums, his face, and lymph nodes in his head and throat causing "substantial unbearable pain and agony."[7] Eventually Mr. Talbert's tooth fractured and caused

him additional pain when attempting to eat solid foods.[8] Mr. Talbert received two weeks of antibiotics and pain medication between June 2015 and March 2016.[9]

## II. Analysis

Mr. Talbert *pro se* sued Correctional Dental, Diane Lee, Dr. Scott, Dr. A. Sabato, and Dr. Barksdale alleging they violated his Eighth Amendment, due process and equal protection rights by denying him a referral to an off-site dental treatment facility to receive general anesthesia because he fears needles and possible retaliation by the prison-controlled dentists because of his earlier lawsuits against the prison. Correctional Dental and its agents/employees move for summary judgment arguing failure to provide general anesthesia for a tooth removal is not deliberate indifference under the Eighth Amendment.[10] Further, Mr. Talbert does not adduce evidence necessary to proceed to a jury on equal protection or due process claims. Correctional Dental also argues Mr. Talbert's claims are barred by the November 6, 2015 General Release from Mr. Talbert's earlier litigation against Correctional Dental.

### A. Mr. Talbert does not state a claim for deliberate indifference.

Mr. Talbert alleges Correctional Dental recklessly disregarded treatment for his infected tooth and his fear of needles by refusing to provide him with a referral to have his tooth removed off-site under general anesthesia.

Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment when they exhibit "deliberate indifference to serious medical needs of prisoners."[11] Our court of appeals directs, "[d]eliberate indifference... requires obduracy and wantonness... which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk."[12] We afford a high level of deference to medical practitioners' professional

3

judgment when evaluating a prisoner's deliberate indifference claim.[13] "A prisoner's disagreement with a prescribed treatment is not an actionable constitutional violation."[14]

Mr. Talbert does not allege Correctional Dental refused to treat his infection; instead, he disagrees with the method of treatment presented to him. In *Banda v. Adams*, our court of appeals considered a prisoner's Eighth Amendment claim where the prisoner "was being offered psychiatric treatment but was refusing it," and held "[n]o claim of deliberate indifference is made out where a significant level of care has been provided and all that is shown is that the civil detainee disagrees with the health care provider's professional judgment about what constitutes proper care."[15]

A prisoner may not base an Eighth Amendment deliberate indifference claim on an unfulfilled desire for anesthetic surgery because it is not a serious medical need. In *Snipes v. DeTella*, a court of appeals considered a prisoner's claim he needed anesthesia for an infection on his toenail, and the prison's failure to administer anesthesia violated the Eighth Amendment.[16] The court held, "[e]ven if [plaintiff's] desire for a local anesthetic could be considered a separable medical need under the Eighth Amendment (which it cannot), the denial of that need was not, 'objectively, sufficiently serious' to constitute the 'denial of the minimal civilized measure of life's necessities,' whatever the doctor's motive might have been."[17]

The holding in *Snipes* regarding anesthesia extends to the dental context in *Bout v. Bolden* where a prisoner sued a prison dentist for violating the Eighth Amendment when the dentist would not send him off-site to be anesthetized during treatment for his damaged teeth.[18] The district court concluded "[p]laintiff's 'serious medical need' was not for anesthesia, but rather for tooth repair" and "…where pain was an incidental part of a dentist's chosen course of

4

treatment, the question is not whether [the dentist] was indifferent to the incidental pain, but rather whether he was indifferent to plaintiff's existing dental condition."[19]

Mr. Talbert's desire for general anesthesia while having his tooth removed based solely on his fear of needles is not a "serious medical need." Mr. Talbert is challenging a treatment decision to remove the tooth without anesthesia. We are aware of no precedent under the Eighth Amendment requiring the corrections officer to provide anesthesia for a tooth removal because of a prisoner's fear of needles. There is no basis to find the Defendants' decision to treat his tooth issues in the prison is cruel and unusual punishment. While the Defendants may be been indifferent to a request for outside anesthesia, there is no basis to find indifference to his existing dental condition. Correctional Dental's denial of anesthesia is not deliberate indifference.[20]

### B. Mr. Talbert adduces no evidence of Defendants denying him due process or equal protection.

Mr. Talbert alleges Correctional Dental violated his due process and equal protection rights refusing to refer him off-site for tooth removal under general anesthesia but other "inmates in the Center's infirmary unit had complete access to off-site oral care and surgery services."[21]

For equal protection, Mr. Talbert must demonstrate "(1) the defendant[s] treated him differently from others similarly situated, (2) the defendant[s] did so intentionally, and (3) there was no rational basis for the difference in treatment."[22] After discovery and under our summary judgment standard, Mr. Talbert does not adduce evidence of similarly situated inmates who received the off-site oral care and surgery services Correctional Dental denied to Mr. Talbert.

For due process, Mr. Talbert must demonstrate Defendants violated a "constitutionally-protected liberty interest."[23] Mr. Talbert's constitutionally protected right to medical care while incarcerated is protected by the Eighth Amendment, not the Fourth Amendment.[24] We grant Defendants summary judgment on Mr. Talbert's equal protection and due process claims.

5

### C. The November 6, 2015 General Release also bars the present claims.

Even if Mr. Talbert demonstrated a constitutional claim, he released his claims against Correctional Dental, its agents and Dr. Sabato as part of the November 6, 2015 release because his agreement broadly released all claims and causes of action he may have had until the moment he signed and Mr. Talbert already knew Correctional Dental and its agents denied him outside tooth removal under general anesthesia. The only facts relating to conduct after his signed Release is his damage caused by Correctional Dental allegedly failing to address the tooth before November 6, 2015 and alleged corrobative evidence of other agents repeating Dr. Scott's October 9, 2015 representation of no prisoner being sent to an outside dental facility.

Mr. Talbert sued Correctional Dental, Michael Kernosh, Al Sabato, and Robert Carter on June 18, 2015 relating to alleged deficient treatment for a different tooth from May 2014 until May 2015. The parties settled the lawsuit on November 6, 2015.[25] Under the parties' Confidential Settlement Agreement and General Release, Mr. Talbert agreed to "release and forever discharge" Correctional Dental and its agents from all "causes of actions . . . claims and demands whatsoever in law or equity" against Correctional Dental "he ever had, now has or which his heirs, agents, executors, administrators, successors or assigns or any of them hereafter can, shall or may have for, or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the present."[26] Correctional Dental argues Mr. Talbert's allegations of constitutionally deficient dental treatment from June 2015 to March 2017 are barred by the parties' Confidential Settlement Agreement and General Release.

Our court of appeals instructs "the law of the forum state applies in construing the terms of a general release."[27] The parties' "signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake."[28] Mr. Talbert does not argue the

6

release is not binding, instead, Mr. Talbert argues "[t]he settlement agreement only limits liability [for conduct] up to November 2015."[29]

The parties' release bars future claims for conduct occurring before November 6, 2015, not all claims and potential claims for conduct before and after November 6, 2015. Correctional Dental argues the release language covers future claims because Mr. Talbert released all claims he "ever had, now has or which . . . he may have . . . from the beginning of the world to the present."[30] Correctional Dental argues our court of appeals enforces broad release language covering future claims. In *Three Rivers Motor*, where the parties released "all claims and all manner of actions and actions . . . ever had, now have or which they . . . hereafter can, shall or may have" the court of appeals held the "language is as comprehensive as language can be" and included an earlier antitrust claim not encompassed in the parties now-settled litigation.[31] In a footnote, our court of appeals noted public policy is not offended by its holding because "release was not to have prospective application" because they only released claims until the date of the release.

Mr. Talbert also agreed to release all claims he had against Correctional Dental, its agents and Dr. Sabato when he agreed to release all claims he "had, now has or which . . . he may have . . . for, or by reason of any cause, matter or thing whatsoever, from the beginning of the world to the present."[32] This release language is as broad as the language in *Three Rivers Motor* where the court held the release covered all claims the parties had at the moment they signed it regardless of whether the claims were part of the previous litigation. Mr. Talbert's current claim against Correctional Dental and its agents existed when he signed the release on November 6, 2015 because he alleges on October 9, 2015, Dr. Scott told him he had not been referred off-site for anesthetic oral surgery which forms the basis for his Eighth Amendment deliberate

7

indifference claim.[33] Mr. Talbert released any claim he may have for conduct before November 6, 2015. As we liberally construe his complaint, the vast majority of Defendants' conduct concerns its decision to not refer him to the outside for tooth treatment with anesthesia before November 6, 2015. Mr. Talbert also alleges Defendants' continued their mistreatment after November 6, 2015 mainly by continuing to deny him a right to anesthesia outside the prison. Even assuming these claims are not released, for the reasons described in our Eighth Amendment analysis, we find the Defendants' treatment decisions, even if allegedly different than earlier directions, are not cruel and unusual punishment violative of the Eighth Amendment.

## III. CONCLUSION

We grant Correctional Dental and its employees' motion for summary judgment because viewing the facts in the light most favorable to Mr. Talbert, there is no issue of material fact and Correctional Dental's refusal to provide general anesthesia for his tooth removal does not amount to deliberate indifference. We also grant Defendants' summary judgment on Mr. Talbert's equal protection and due process claims because he does adduce evidence to support Defendants treated other similarly situated inmates differently and we are not aware of a due process claim. We also find Mr. Talbert released his claims against Correctional Dental and Dr. Sabato on November 6, 2015 because in this complaint, he alleges Correctional Dental refused to refer him out for general anesthesia for his tooth removal before he signed the release.

---

[1] Mr. Talbert sues under 42 U.S.C. §§ 1981, 1983, 1985, 1986 and under Pennsylvania state law for negligence. On February 22, 2017, the Honorable Lawrence F. Stengel granted Correctional Dental partial summary judgment for Mr. Talbert's medical negligence claims. ECF Doc. No. 56. Mr. Talbert originally sued the City of Philadelphia as co-defendant. On November 1, 2016, Judge Stengel dismissed all claims against the City. ECF Doc. No. 40. Upon Mr. Talbert allegedly suing Judge Stengel in state court, Chief Judge Tucker reassigned this, and several other of his cases challenging prison conditions, to our docket.

[2] Complaint, ECF Doc. No. 5 at ¶ 9.

[3] *Id.* at ¶ 10.

[4] *Id.* at ¶ 11.

[5] *Id.* at ¶ 12.

[6] *Id.* at ¶¶13—14, 16, 18, 20.

[7] *Id.* at ¶15.

[8] *Id.* at ¶24.

[9] *Id.* at ¶23.

[10] Summary judgment is proper when "the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). On a motion for summary judgment, "we view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Mancini v. Northampton Cnty.*, 836 F.3d 308, 313 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)). "The party seeking summary judgment 'has the burden of demonstrating that the evidentiary record presents no genuine issue of material fact.'" *Parkell v. Danberg*, 833 F.3d 313, 323 (3d Cir. 2016) (quoting *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015)). If the movant carries its burden, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their care for which they have the burden of proof." *Willis*, 808 F.3d at 643 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "If, after adequate time for discovery, the nonmoving party has not met its burden, pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against the nonmoving party." *Willis*, 808 F.3d at 643 (citing *Celotex Corp.*, 477 U.S. at 322–23).

[11] *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

[12] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal citations omitted).

[13] *See Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("Courts will 'disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... [which] remains a question of sound professional judgment.'")).

¹⁴ *Crenshaw v. Harper*, No. 17-1287, 2017 WL 2080260 at *1 (3d Cir. May 15, 2017).

¹⁵ *Banda v. Adams*, 674 Fed. App'x 181, 184 (3d Cir. 2017).

¹⁶ *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996); *see also White v. Pernoud*, 2006 WL 1876959, at *7 (E.D. Mo. July 5, 2006) (holding no Eighth Amendment violation occurred where prisoner needed jaw wired shut and "[did] not challenge the withholding of needed treatment, [but] challenge[d] the doctor's decisions in administering the treatment" and "disagreed with the amount of pain medication the doctor administered."); *Smalls v. Berrios*, 2007 WL 1827465, at *9 (N.D. Fla. June 25, 2007) ("Plaintiff's allegation reflects nothing more than his general disagreement concerning the lack of anesthesia... [which] is insufficient to establish deliberate indifference").

¹⁷ *Id.* at 591 (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

¹⁸ *Bout v. Bolden*, 22 F. Supp. 2d 646, 650 (E.D. Mich. 1998), *aff'd* 225 F.3d 658 (6th Cir. 2000).

¹⁹ *Id.*

²⁰ *See id.* at 650-51.

²¹ ECF Doc. No. 5 ¶ 28.

²² *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

²³ *Cooleen v. Lamanna*, 248 Fed. App'x 357, 361 (3d Cir. 2007).

²⁴ *Id.* (explaining substantive due process protects "pre-trial detainees and other nonconvicted persons" right to medical care while the Eighth Amendment protects inmates' right to medical care after conviction.)

²⁵ *See Talbert v. Correctional Dental Associates, et. al*, No. 15-03230, ECF Doc. No. 3; *see also* Confidential Settlement Agreement and General Release, ECF Doc. No. 65-1 at 49.

²⁶ ECF Doc. No. 65-1 at 49.

²⁷ *Thomas v. Sandstrom*, 459 Fed. App'x 93 (3d Cir. 2012) (citing *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 892 (3d Cir. 1975)).

²⁸ *Id.* (citing *Three Rivers Motor*, 522 F.2d at 892).

²⁹ Plaintiff's Opposition in Response to Defendants' Motion for Summary Judgment, ECF Doc. No. 69 at 4.

³⁰ *Id.*

[31] *Three Rivers Motor* 522 F.2d at 892 (internal brackets omitted).

[32] ECF Doc. No. 65 at 23; ECF Doc. No. 65-1.

[33] *Id.* at ¶12.